DEMETRIUS A. WRIGHT
BLK 308
5325 BRODER BLVD.
DUBLIN, CA — 94568
In Pro Se

RECEIVED

OCT 01 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Demetrius A. Wright, <br>     Plaintiff, | CASE NO. |
| v. | COMPLAINT UNDER THE <br> CIVIL RIGHTS ACT, 42 U.S.C. <br> §1983; AND, THE AMERICANS <br> WITH DISABILITIES ACT <br> 42 U.S.C. §§ 12101 et seq. |
| City of Oakland, Oakland <br> Police Department; Chief of <br> Police Anne Kirkpatrick; <br> Inspector/Detective Allen; <br> Police Officers John Doe, Jane <br> Doe #1 & Jane Doe #2, <br>     Defendants | |

JURY TRIAL DEMANDED
COMPLAINT FOR MONEY DAMAGES

PAGE 1 OF 12

## I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C.A § 198.3 and the Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction is under 28 U.S.C.A. §§ 1331 and 1343(1)(2)(3)(4) and statutory and Constitutional provisions. Plaintiff also seeks judgment under the Americans With Disabilities Act, jurisdiction also provided under 42 U.S.C.A § 12133.

2. This Court has pendent and supplemental jurisdiction over any state law claims arising from this action pursuant to 28 U.S.C.A. § 1367.

## II. VENUE

3. All of the events giving rise to the claims occurred in the Northern District of California, thus Venue is proper under 28 U.S.C.A § 1391 (b)(2).

## III. PARTIES

4. Plaintiff Demetrius A. Wright is a citizen of the United States and a resident of the State of California, at time of claim, residing in city of Oakland.

5. Defendant Inspector/Detective Allen was in the employ

of the Oakland Police Department, she was responsible for ensuring access to urgently needed medical care promptly to a suspect in her custody. She is sued in her individual capacity.

6. Defendant Officer Jane Doe #1 was at all times relevant to this action a police officer with the Oakland Police Department. She had a duty and responsibility for ensuring access to urgently needed medical care to a suspect in her custody in accordance with law and departmental policy. She is sued in her individual capacity.

7. Defendant Officer John Doe was at all times relevant to this action a police officer with the Oakland Police Department. He had a duty and responsibility for ensuring access to urgently needed medical care to a suspect in his custody in accordance with law and departmental policy. He is sued in his individual capacity.

8. Defendant Officer Jane Doe #2 was at all times relevant to this action a police officer with the Oakland Police Department. She had a duty and responsibility for ensuring access to urgently needed medical care to a suspect in his custody in her accordance with law and departmental policy.

She is sued in her individual capacity.

8. At relevant times in this action, defendants Detective Allen, John Doe, Jane Doe #1 and Jane Doe #2, were police officers of the Oakland Police Department, of the City of Oakland, and at all times mentioned, were acting in such capacity as the agents, servants, and employees of the Defendant Oakland Police Department.

9. Defendant Ann Kirkpatrick, was at all times mentioned, the Chief of Police of the Oakland Police Department. As such, she was commanding officer of Defendants Detective Allen, Jane Doe #1, John Doe, and Jane Doe #2, and was responsible for the training, hiring, suspension, and conduct while on duty of these Defendants as more fully set forth below. She was responsible by law for enforcing the regulations of the Oakland Police Department and for ensuring that Defendants Detective Allen, Jane Doe #1, John Doe, and Jane Doe #2 obey the laws of the United States and of the State of California. She is sued in her individual capacity.

10. The Defendants City of Oakland, Oakland Police Department, are a municipal corporation within the state of California and at all times relevant to this action,

employed the Defendants Officers Allen, Jane Doe #1, Jane Doe #2, and John Doe, and Chief of Police Ann Kirkpatrick.

11. At all times relevant to this action and in all their actions described in this Complaint, defendants Officers Allen, Jane Doe #1, Jane Doe #2, and John Doe, and former Police Chief Anne Kirkpatrick were acting under color of law and pursuant to their authority as police officers and police officials.

IV  FACTUAL ALLEGATIONS

12. On October 20, 2018, Plaintiff was arrested on a "probable cause" warrant from his residence, in the early morning hours, by Defendants Jane Doe #1, Jane Doe #2, and John Doe, police officers with the Oakland Police Department, in the City of Oakland, the State of California.

13. At the time of his arrest, Plaintiff's wife informed defendants Jane Doe #1 and John Doe that he was on a physician ordered bed rest instituted by his primary care physician due an acute onset of symptons from an underlying, chronic medical condition. She further informed them that Plaintiff likely needed urgent medical care

because he was evidencing signs which, in her experience of helping him, indicated a worsening of symptoms

14. Plaintiff had been declared "permanently disabled" due to a gastrointestinal disease which would become extremely debilitating, requiring surgeries and extended hospitalizations.

15. Plaintiff's wife gave the Defendants Jane Doe #1 and John Doe some of the medications he was prescribed, when they seemed to pay no heed to her concern that he needed urgent care or would need it very soon. He had not been able to keep in his medicines that morning prior to arrest.

16. Instead of heeding the information given, they left him handcuffed behind his back in the rear seat of a patrol vehicle for approximately forty-five minutes, nauseous and in pain, yet being cooperative.

17. According to information and belief, they left him in that position while attempting to reach defendant Allen; once reached he was taken to an interrogation room at Oakland Police building.

18. Plaintiff, whom has previously been the victim of violence at the hands of law enforcement was

intimidated and afraid that if he did not go along without complaint, he would be beaten and possibly killed. Plaintiff is African-American.

19. Plaintiff tried taking his medicine again, however he again vomited, this time with bloody emesis. The Plaintiff has suffered from Mallory-Weiss syndrome, tearing of the esphogeal and/or stomach line from vomiting, and has had blood transfusions.

20. The first episode of bloody emesis was in the rest-room where he was under escort and observation of defendants John Doe and Jane Doe #2, after which they returned him to interrogation.

21. While in interrogation, the Plaintiff had more bloody emesis in a cup provided by defendants. Even so, Defendant Allen completely ignored the obvious indication of a medical emergency. The Plaintiff was becoming confused and more fearful. Her interrogation should have not been conducted especially as bloody vomit is a clear sign of internal bleeding to any reasonable person.

22. Plaintiff was told by defendants Allen, John Doe, and Jane Doe #1 and #2, to suppress his symptons and could be released on bail quickly from jail. He couldn't suppress it.

23 ☐ During the intake process, a Deputy Sheriff expressed concerns about the Plaintiff's medical situation and appearance. This was at Glen Dyer Jail.

24 ☐ Plaintiff began vomiting significantly larger amounts of bloody emesis. After getting his vital signs and consulting with a physician, nursing staff at the jail had Plaintiff taken to the emergency Department at Highland Hospital. This was within an hour to hour and a half of his arrival at the jail.

25 ☐ Plaintiff received emergently needed treatment and needed to be admitted into the hospital. His hospitalization lasted fifteen months, during which he suffered multiple infections, damage to his liver, required intravenous nutrition, time in an intensive care unit, and multiple surgeries.

26 ☐ Based on prior experience with his condition, it is reasonable to conclude that had these Defendants immediately gotten the Plaintiff the care his wife informed them he was in need of, the symptoms could have been stopped. Medications given intravenously have worked when he has been unable to keep them down orally.

27 ☐ Even without the information from his wife, the fact

that the Plaintiff vomited any amount of blood would have given a reasonable person pause to consult a medical professional; thus, Defendants' inaction was unreasonable.

28. Defendants Allen, John Doe, and Jane Doe #1 and #2 conduct was in wanton, reckless, willful, and malicious disregard for the safety and well-being of the Plaintiff; and, deliberately indifferent to serious medical need.

29. Defendants Allen, John Doe, and Jane Doe #1 and #2 lack of action to get Plaintiff access to needed care resulted in serious harm to him, both emotional and physical.

30. Once Plaintiff was in custody, unarmed and essentially rendered helpless, posing no threat, there were no legitimate reasons in law for not getting care for the Plaintiff immediately, questions could have waited.

31. Defendants Allen, John Doe, and Jane Doe #1 and #2, were without just and legal cause for their inaction, thereby violating his rights under the laws and Constitution of the United States, in particular the Fifth and Fourteenth Amendment, and his rights under the Constitution of the State of California

32. In refusing to suspend the interrogation and get the Plaintiff access to care, Defendants violated the rules

and regulations of the Oakland Police Department in
regard to such matters.

33. As a direct and proximate result of the unlawful and
malicious acts of these Defendants, all committed
under color of their authority as Oakland police
officers, and while acting in that capacity, Demetrius
A. Wright, suffered grievous bodily harm and extreme
pain, all of which is in violation of his rights under
the laws and Constitution of the United States, in
particular the Fifth, Eighth and Fourteenth Amendments
and 42 U.S.C. §1983.

34. Plaintiff, Demetrius A. Wright was the victim of punish-
ment administered in a grossly disproportionate
manner to whatever allegations were made and
being investigated, and constituted cruel and
unusual punishment, and deprived him of the
right to due process of law under the laws and
constitution of the United States, in particular
the Fifth, Eighth and Fourteenth Amendment. The
detaining and refusal to provide access to obviously
needed medical care for Demetrius A. Wright
was cruel, unjustifiable and excess.

35. As a further result of the above-described acts, Mr.
Demetrius A. Wright was deprived of rights and

immunities provided to him, under the constitution and laws of the United States and of the state of California including but not limited to his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to equal protection of the laws.

36. The failure of the Defendant City of Oakland, Oakland Police Department and former Police Chief Anna Kirkpatrick to provide training and supervision regarding getting an in-custody person access to medical care urgently at any sign of distress, such as vomiting any amount of blood, amounts to gross negligence and participation in deliberate indifference to the needs of Demetrius A. Wright and the citizens of the City of Oakland. This gross negligence was a proximate cause of injuries to the plaintiff.

37. Defendants City of Oakland, Oakland Police Department and former Police Chief Ann Kirkpatrick, are directly liable and responsible for the acts of Defendants Detective Allen, Jane Doe #1 and #2, and John Doe, because they knowingly failed to enforce the laws of the State of California and the regulations of the Oakland Police Department pertaining to recognition of an urgent medical need

and getting care in an urgent manner to address such needs by the City of Oakland Police officers, thereby perpetuating within the Oakland Police Department, an atmosphere and culture of lawlessness in which police officers may completely ignore a serious medical need with impunity, in the belief that such acts will be condoned and justified by their superiors as has so often been the case and is well known, Defendants City of Oakland and Police Chief Ann Kirkpatrick were, or should have been aware of these unlawful acts and practices prior to and at the time of Demetrius A. Wright's arrest.

THEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Compensatory damages to Plaintiff, to be determined.
2. General damages in the amount to be determined.
3. Punitive damages against all defendants, in the amount to be determined.
4. Awarding Plaintiff reasonable costs and expenses of this action.
5. Such other relief as may be just.

Pursuant to 28 U.S.C.§ 1746, the foregoing is true and correct except matters on belief.

DATE: September 2, 2020

_Demetrius A. Wright_

DEMETRIUS A. WRIGHT

PLAINTIFF PROPER