FILED

Dec 01 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS A. WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 20-cv-07068-TSH<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE DISPOSITIVE MOTION AND TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 12 |

Plaintiff, an inmate at Santa Rita Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. ECF No. 4. On October 21, 2020, the Court screened the complaint. ECF No. 6. The Court found that the complaint stated a cognizable Fourteenth Amendment claim against defendant Oakland Police Department ("OPD") investigator/detective Allen, and ordered service upon defendant Allen. *See generally* ECF No. 6. The Court dismissed with leave to amend the remaining Fifth Amendment, Eighth Amendment, due process and equal protection claims, and also dismissed defendants OPD officers Jane Doe 1, Jane Doe 2 and John Doe; OPD Chief Anne Kirkpatrick; the City of Oakland; and the Oakland Police Department with leave to amend the claims against them. *See id.*

Now pending before the Court are (1) Plaintiff's objections to the October 21, 2020 order of partial service; and (2) Defendant Nicole Allen's request for an extension of time to her their dispositive motion.

## DISCUSSION

### I. Plaintiff's Motion for Reconsideration

Plaintiff has filed objections to the Court's findings in the October 21, 2020 order of partial service. ECF No. 8. Because Plaintiff has consented to the jurisdiction of the undersigned, ECF

No. 4, the Court construes his objections as a request for reconsideration of the Court's screening order.[1]

Objection No. 1 objects to the Court's factual findings. ECF No. 8 at 2. Plaintiff misunderstands the screening order. The Court has made no factual findings, and merely summarized the allegations in the complaint for the purpose of identifying cognizable claims. The Court's summary in the screening order is not controlling.

Objection Nos. 2-5 argue that the Court erred in dismissing certain claims and defendants. The Court's dismissal was with leave to amend. Plaintiff may file an amended complaint, re-pleading these claims with the additional factual allegations that he has provided in his objections. Accordingly, the Court DENIES the request for reconsideration without prejudice to re-filing should the Court dismiss these claims and defendants with prejudice in a future order.

In light of this denial, the Court *sua sponte* GRANTS Plaintiff an extension of time to file an amended complaint to remedy the deficiencies identified in the October 21, 2020 screening order. By December 30, 2020, Plaintiff shall file an amended complaint. Failure to file an amended complaint in accordance with this order in the time provided will result in this case being reassigned to a district court judge to address the claims and defendants dismissed with leave to amend.

**II.     Defendant Allen's Request for an Extension of Time to File Their Dispositive Motion**

Good cause being shown, Defendant's request for an extension of time to file her dispositive motion is GRANTED. ECF No. 12. Defendant shall file her dispositive motion by April 20, 2021. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

---

[1] Regardless, in a non-consent referral of a dispositive matter, the time to object to a district judge is after the magistrate judge's proposed findings and recommendation have issued, which hasn't happened yet. *See* Fed. R. Civ. Proc. 72(b)(2).

**CONCLUSION**

For the reasons set forth above, the Court orders as follows

1. The Court DENIES Plaintiff's request for reconsideration of the October 21, 2020 order dismissing certain claims and defendants with leave to amend without prejudice to re-filing should the Court dismiss these claims and defendants with prejudice in future orders. ECF No. 8.

2. The Court *sua sponte* GRANTS Plaintiff an extension of time to file an amended complaint to remedy the deficiencies identified in the October 21, 2020 screening order. By December 30, 2020, Plaintiff shall file an amended complaint. Failure to file an amended complaint in accordance with this order in the time provided will result in this case being reassigned to a district court judge to address the claims and defendants dismissed with leave to amend.

3. Defendant Allen's request for an extension of time to file her dispositive motion is GRANTED. ECF No. 12. Defendant shall file her dispositive motion by April 20, 2021. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates ECF Nos. 8 and 12.

**IT IS SO ORDERED.**

Dated: 12/1/2020

THOMAS S. HIXSON
United States Magistrate Judge