UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS A. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. 20-cv-07068-JD<br><br>**ORDER**<br><br>Re: Dkt. Nos. 16, 21 |

Plaintiff, a detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The magistrate judge previously assigned to this case ordered service on one claim and dismissed the remaining claims with leave to amend. The case was reassigned to the undersigned and plaintiff has filed an amended complaint. Also pending is plaintiff's motion to quash a subpoena and plaintiff's motion for reconsideration.[1]

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se

---

[1] Plaintiff has another case with the Court alleging that he was illegally held in the hospital for 58 days from his arrest until arraignment due to injuries discussed in the instant complaint. *See Wright v. City of Oakland*, Case No. 20-cv-07067-JD.

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was suffering a severe medical episode during his arrest and interrogation and defendants delayed providing medical care. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's

1  constitutional rights; and (4) that the policy is the moving force behind the constitutional
2  violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)
3  (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

On October 20, 2018, defendants came to plaintiff's residence to arrest him on a probable cause warrant. Plaintiff suffers from a gastrointestinal disease, Mallory-Weiss syndrome, which results in the tearing of the esophagus and the stomach lining due to vomiting, and has resulted in him being declared permanently disabled. On the day of his arrest, plaintiff was subject to a physician-ordered bed rest due. Plaintiff's wife informed defendants of the need for medical attention and provided defendants with plaintiff's medications.

At the police station plaintiff attempted to take his medication but vomited up the medication and blood. Plaintiff was then returned to the interrogation room, where he again vomited up blood. Despite this clear sign of a medical emergency, defendants continued the interrogation. After the interrogation ended, defendants told plaintiff to suppress his symptoms so that he could be released quickly from jail on bail. During the subsequent intake process plaintiff began vomiting significantly larger amounts of blood. Nursing staff had plaintiff sent to the emergency room at Highland Hospital, less than an hour and a half after he had arrived at the jail. Plaintiff's hospitalization lasted fifteen months, during which he suffered multiple infections and damage to his liver and underwent multiple surgeries.

It was previously found that plaintiff had stated a cognizable claim that his medical needs were not properly addressed. Defendant Allen, the police officer who interrogated plaintiff, has already been served in this action. Plaintiff has filed an amended complaint with respect to his allegations against the Chief of Police, the Oakland Police Department, the City of Oakland and Alameda County. He alleges that these defendants are liable due to their actions in this case and for a policy of failing to provide adequate medical care. Liberally construed, these allegations are sufficient to state a claim against these defendants.

**MICELLANEOUS MOTIONS**

Defendant Allen submitted a subpoena to Highland Hospital regarding plaintiff's medical care. Plaintiff argues the subpoena is too broad and could be construed as involving plaintiff's

3

1  medical care for all reasons at that facility for his entire life. Defendant has filed a response
2  indicating that she modified the subpoena to only relate to plaintiff's gastrointestinal condition
3  which is the subject of this action. In light of defendant modifying the subpoena and because
4  plaintiff's gastrointestinal condition and treatment is at issue in this action, plaintiff's motion to
5  quash the subpoena (Docket No. 16) is denied.

Plaintiff previously filed a motion to appoint counsel which the Magistrate Judge denied without prejudice. Plaintiff seeks reconsideration of that ruling. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims and arguments adequately, and the issues are not complex, therefore the request (Docket No. 21) is denied without prejudice. As the case continues, the Court will reconsider the need for counsel.

## CONCLUSION

1. Plaintiff's motions to quash the subpoena (Docket No. 16) and for reconsideration (Docket No. 21) are **DENIED**.

2. Defendant Allen has already been served. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (Docket No. 17) with attachments and copies of this order on Oakland Police Chief Kirkpatrick, the Oakland Police Department, the City of Oakland and Alameda County. All other claims and defendants are dismissed.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than sixty days from the date of service, the new defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary

1    judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All
2    papers filed with the Court shall be promptly served on the plaintiff.

3               b.     At the time the dispositive motion is served, defendants shall also serve, on
4    a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952,
5    953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.
6    2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must
7    be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,
8    not earlier); *Rand* at 960 (separate paper requirement).

9               c.     Plaintiff's opposition to the dispositive motion, if any, shall be filed with
10   the Court and served upon defendant no later than thirty days from the date the motion was served
11   upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
12   provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
13   and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

14   If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust
15   his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
16   note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
17   to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

18              d.     If defendants wish to file a reply brief, he shall do so no later than fifteen
19   days after the opposition is served upon him.

20              e.     The motion shall be deemed submitted as of the date the reply brief is due.
21   No hearing will be held on the motion unless the Court so orders at a later date.

22        4.   All communications by plaintiff with the Court must be served on defendants, or
23   defendants' counsel once counsel has been designated, by mailing a true copy of the document to
24   defendants or defendants' counsel.

25        5.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
26   No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
27   parties may conduct discovery.
28

5

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 9, 2021

JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.